**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**A.A. METALS, INC.,**

     **Plaintiff,**

**-vs-**                Case No. 6:13-cv-330-Orl-31DAB

**SOLUTIONS IN STAINLESS, INC. d/b/a**
**UNITED STAINLESS AND ALLOY,**

     **Defendant.**
_____/

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

   This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**  **MOTION FOR DEFAULT JUDGMENT (Doc. No. 16)**
>
> **FILED:**   April 19, 2013
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

   Following entry of a Clerk's default (Doc. 14), Plaintiff moves pursuant to Federal Rule 55(b)(1) for entry of a default final judgment against Defendant in this diversity action alleging a failure to pay on an open account. Although Rule 55(b)(1) provides for entry of default judgment by the Clerk on Plaintiff's request if the claim is for a sum certain and the Complaint sets forth damages in the amount of "$232,022.70, plus interest, and attorney's fees and costs," it is the policy of this Court to review such motions and direct the entry of judgment, if appropriate.

   The effect of the entry of a default is that all of the factual allegations in the Complaint are taken as true, save for the amount of unspecified damages. Thus, if liability is well-pled in the

complaint, it is established by the entry of a default. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987). A court may enter a default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for entry of a default judgment. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.").

Here, the Complaint includes attached unpaid invoices and sets forth a specific amount due. Further, the motion is accompanied by an Affidavit which provides evidentiary support for the requested judgment of $237,943.74 (the principal amount plus interest, as calculated in the Affidavit and attached invoices). The allegations and the proof establish that Defendant owes Plaintiff the amounts asserted and entry of a judgment is appropriate. As good cause is shown, it is **respectfully recommended** that the motion be **granted, and that the Court direct the entry of judgment in the amount of $237,943.74.**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 6, 2013.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy